
USCA1 Opinion

	




       [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
                 United States Court of Appeals
                     For the First Circuit





No. 98-1975

                          UNITED STATES,

                            Appellee,

                                v.

                     ANGEL C. HURTADO-ARAUJO,
                A/K/A MARCELINO MICOLTA QUINTERO,

                      Defendant, Appellant.



           APPEAL FROM THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF PUERTO RICO

          [Hon. Jose Antonio Fuste, U.S. District Judge]



                              Before

                      Lynch, Circuit Judge,
                 Bownes, Senior Circuit Judge,
                   and Lipez, Circuit Judge.
                                
                                
                                
                                
     Angel Cecilio Hurtado Araujo on brief pro se.
     Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco,
Assistant United States Attorney, and Michelle Morales, Assistant
United States Attorney, on brief for appellee.





June 8, 1999



                                
                                
            Per Curiam.  Appellant Angel Cecilio Hurtado-Araujo
  appeals from the denial of his request for a prompt probation-
  revocation hearing.  In that motion, appellant relied solely on
  the Interstate Agreement on  Detainers Act.  See 18 U.S.C. App. 
  Yet that enactment does not apply to detainers based on
  probation-violation charges.  See Carchman v. Nash, 473 U.S.
  716 (1985).  We add that appellant's principal concern--that he
  will lose the opportunity to be sentenced to a concurrent
  prison term--is largely misplaced in any event.  Although
  U.S.S.G.  7B1.3(f) calls for a consecutive sentence in this
  context, that provision is "advisory rather than mandatory." 
  United States v. O'Neil, 11 F.3d 292, 301 n.11 (1st Cir. 1993);
  accord, e.g., United States v. Throneburg, 87 F.3d 851, 854 (6th
  Cir. 1996).  The possibility of appellant receiving a
  concurrent sentence once the revocation hearing is held thus
  cannot be excluded.  We of course intimate no view as to the
  appropriateness of any such sentence.
            Affirmed.  See Loc. R. 27.1.   

